UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN WARREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV1643 AGF ) |
| FEDERAL GOVERNMENT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own review. On August 23, 2013 the Court ordered plaintiff to submit a CJA Form 23 financial affidavit within twenty (20) days of the date of the Memorandum and Order. Plaintiff has failed to do so.[1] Nevertheless, as plaintiff is proceeding pro se before this Court, the Court takes judicial notice of the financial affidavits he has filed in other proceedings filed before this Court and finds that his motion to proceed in forma pauperis

---

[1] Mail to the plaintiff has been returned as undeliverable. Under Local Rule 2.06(B), the Court may dismiss an action if a plaintiff fails to notify the Court within 30 days of a change in address. However, the Court notes that plaintiff has continued to file additional actions before this Court using the same address as the address listed in this action and mail has not been returned in the other actions before this Court. Thus, it is unclear why the mail was returned in this case. In an abundance of caution the Court will not dismiss the action under Local Rule 2.06(B).

should be granted.  See 28 U.S.C. § 1915.  However, for the reasons stated below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff seeks damages in the amount of nine hundred trillion dollars based on allegations that his constitutional rights have been violated. The defendants he names are the Federal Government, President Barack Obama, the Vice President, "prejudice white policies," Jessie Jackson, Jr., Faracon, the Nation of Islam, Dr. Elijah Mahomet, Billy Graham, Ned Graham, Former President Bill Clinton, Former Vice President Al Gore, Hillary Clinton, "the black clergy," and "the prejudiced white clergy of America."

Plaintiff alleges that defendants are stalking and plotting to murder him, his brother, and other members of his family.  He claims that defendants have slandered them and that they physically assaulted and shot at his brother. In

addition, plaintiff claims that the Obama Administration is "using racism, and terrorism, and satanism" against him and his family.

**Discussion**

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted.  Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975); see also, Fed.R.Civ.P. 8 and 10.  The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that  have not been pleaded.  Having carefully reviewed the complaint, the Court concludes that plaintiff's factual allegations are clearly baseless, if not delusional,[2] and fail to state a claim or cause of action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  For these reasons, the complaint will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[2]An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  The allegations in the complaint are factually frivolous under Denton.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th  day of October, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE